JAMES F. McKAY III, Judge.
_[¿This appeal involves two consolidated cases: Lionel Brown versus Robert Chase Jones, 2006-CA-0260, and Jerry J. Hano, Jr. versus Ron Mazier, Et Al, 2006-CA-0261.
Robert Chase Jones qualified as a candidate in the April 22, 2006 municipal elections for the office of Assessor for the 4th Municipal District for the City of New Orleans. Mr. Jones qualified for the election under the name, Chase “I.Q.” Jones. “I.Q.” stands for I quit. Mr. Jones, as well as candidates in the six other assessor races have this designation added to their names. There also exists a corporate entity known as I.Q. Ticket, Inc.
Lionel Brown, a qualified elector of the 4th Municipal District filed a petition challenging Mr. Jones’s qualifications for office. After hearing the evidence, the trial court ruled that “I.Q.” is not a permissible “nickname” but an impermissible “designation” and ordered the Secretary of State to strike “I.Q.” from Mr. Jones’s ballot name. Judgment was entered on March 15, 2006. It is from this judgment that Mr. Jones now appeals.
| pRon Mazier qualified as a candidate in the April 22, 2006 municipal election for *171 the office of Assessor for the 5th Municipal District for the City of New Orleans. Mr. Mazier qualified for the election under the name, Ron “I.Q.” Mazier. Jerry J. Hano, Jr., a qualified elector of the 5th Municipal District filed a petition challenging Mr. Mazier’s qualifications for office. The trial court, on March 15, 2006, ruled that “I.Q” is an impermissible designation and ordered the Secretary of State to strike “I.Q.” from Mr. Mazier’s name on all ballots. Mr. Mazier appeals this judgment.
On appeal, Mr. Jones and Mr. Ma-zier raise the following identical assignments of error: 1) the trial court committed legal error in ruling that “I.Q.,” a designated nickname, is impermissible on the election ballot, where the governing statute (La. R.S. 18:463) expressly permits a candidate to designate a nickname and the uncontroverted record evidence is that the nickname is neither deceptive nor a designation of a profession or occupation; and 2) in ruling that “I.Q.” is a political designation proscribed by La. R.S. 18:463, the trial court impermissibly construed the statute as prohibiting political speech in a candidate’s name on the ballot in violation of the candidate’s First Amendment rights.
A court of appeal may not set aside a trial court’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. State through DOTD, 617 So.2d 880 (La.1993). The issue to be resolved by a reviewing court is not whether the trier of fact was | aright or wrong, but whether the fact finder’s conclusion was a reasonable one. Housley v. Cerise, 579 So.2d 973 (La.1991).
Louisiana Revised Statute 18:463(A)(l)(b) states:
The candidate shall designate in the notice of the form in which his name shall be printed on the ballot. The candidate may designate his given, first, and middle name, the initials of his given, first, and middle name, a nickname, or any combination thereof as the form in which his name shall be printed on the ballot, but he shall not designate an occupational or professional description or abbreviation. If the candidate designates a nickname in place of or in combination with his given name or the initials thereof, the nickname shall be set off with quotation marks and shall be placed immediately preceding his surname. A candidate shall include his surname in his designation of the form in which his name shall be printed on the ballot.
Black’s Law Dictionary defines designation as:
An addition to a name, as of title, profession, or occupation, to distinguish the person from others. A description or descriptive expression by which a person or thing is denoted in a will without using the name. Also, an appointment or assignment, as to a particular office. The act of pointing out, distinguished by marks or description or calling by distinctive title, (emphasis added.)
BLACK’S LAW DICTIONARY 403 (5th ed.1979).
Correspondingly, Black’s defines nickname as:
A short name; one nicked or cut off for the sake of brevity, without conveying an idea of opprobrium, and frequently evincing the strongest affection of the most perfect familiarity.
BLACK’S LAW DICTIONARY 941 (5th ed.1979).
In the consolidated cases currently before this Court, both Mr. Jones and Mr. Mazier admit that they only started using the “I.Q.” moniker several weeks before qualifying for their respective races and *172 that “I.Q.” is to inform voters that they will take no salary and work for the contraction of the number of assessors from seven to one. Clearly, “I.Q.” points out to voters what these candidates will do if |4they are elected. In both cases, the trial courts ruled that “I.Q.” was not a permissible “nickname” but was an impermissible “designation” under La. R.S. 18:463. When we look at the record before this Court as well as accepted meanings of these two words, there is nothing manifestly erroneous or clearly wrong with the rulings which the trial courts made.
Litigants must raise constitutional challenges in the trial court, rather than in the appellate court, except when the statute applicable to the specific case becomes effective after the appeal is lodged in the higher court, a statute attempts to limit the constitutional power of the courts to review cases, the statute has been declared unconstitutional in another case, or an act which is the basis of a criminal charge is patently unconstitutional on its face and the issue is made to as an error patent on the face of the "record. Mallard Bay Drilling, Inc. v. Kennedy, 914 So.2d 533 (La.2005). A constitutional challenge must be specially pleaded and the grounds for the claim particularized. Id. In the instant cases, none ■ of these conditions have been met. Accordingly, the constitutional claims are not reviewable by this Court.
For the foregoing reasons, the judgments of the courts below are both affirmed.
AFFIRMED.